(58 Misc. Rep. 512.)

### PEOPLE v. GALLAGHER.

(Supreme Court, Trial Term, Herkimer County. March, 1908.)

1. INDICTMENT AND INFORMATION—SUFFICIENCY—DUPLICITY.

An indictment charged defendant with grand larceny in stealing logs from state lands. It alleged that defendants entered on the land and severed the logs with the intent of stealing them, thereby charging him also with the commission of a misdemeanor. *Held*, that the indictment was not fatally defective because of such statement.

2. CRIMINAL LAW—TRIAL—SEPARATE OFFENSES.

Where, an indictment for grand larceny also charged a misdemeanor, the prosecution cannot be compelled to try the defendant first for the misdemeanor.

3. LARCENY—GROWING TREES.

Under Pen. Code, § 537, the provisions of the law defining larceny are made to apply to any growing tree or fixture severed at the time of the taking, as though it had been severed by another person at a previous time.

4. SAME—SUBJECT OF LARCENY.

Though the Constitution provides that the lands of the state constituting the forest reserve shall not be leased, nor the timber thereon sold, removed, or destroyed, a person stealing timber is guilty of larceny, though the people of the state had no right to dispose of the property stolen.

5. SAME.

Forest, Fish, and Game Law, Laws 1900, p. 63, c. 20, § 222, providing a remedy against trespassers and the spoilers of state lands, did not render the provisions of the Penal Code as to the crime of larceny inapplicable thereto.

James Gallagher was indicted for grand larceny. Demurrer to indictment overruled.

Rush F. Lewis, Dist. Atty., for the People.

Thomas D. Watkins, R. S. Johnson, and A. T. Wilkinson, for defendant.

DEVENDORF, J. Ultimately the questions raised by the demurrer are (1) that two distinct crimes (grand larceny and misdemeanor, under section 640 of the Penal Code) are alleged in the indictment; and (2) that the facts stated do not constitute the crime of grand larceny in any degree. The indictment is for grand larceny in the first degree. It, in substance, charges the defendant with entering upon state lands of the forest preserve, in Herkimer county, and stealing 5,000 logs therefrom, which defendant and his agents had severed from the realty for the purpose and with the felonious intention of stealing; and it is further charged that the defendant then and there did steal and carry away and appropriate to his own use such logs, to the number of 5000 and of the value of $5,000, and thereby deprived the people of the state and the state of New York, the true owners thereof, of their property and of the use and benefit thereof.

The defendant says the indictment is fatally defective because the crime of grand larceny and misdemeanor in cutting and severing the trees from the land are pleaded in the same count. I am aware of the fact that the indictment must charge but one crime, except a crime may be charged in separate counts to have been committed in a different manner and by different means; and, where the acts complained of may constitute different crimes, such crimes may be charged in separate counts. Code Cr. Proc. §§ 278, 279. I regard the allegations in the indictment, with reference to the entry on state lands and the cutting of the trees thereon by defendant, as simply allegalegations of fact leading to the charge that the defendant, after the trees were cut, appropriated them to his own use and stole them. It may well be inferred from the allegations of the indictment that it was intended to be expressed and stated therein that the defendant, in entering upon the land in question and severing the trees therefrom, was simply preparing the condition of things surrounding him for the commission of the serious crime of grand larceny. It may be said that the thief, to steal the tray of diamonds, removes but a small piece of glass in the window which is between him and the object of his crime, yet he commits the crimes of both burglary and larceny; and I think the law would hesitate to say that a one-count charge, accusing him of larceny, would be defective because it alleged facts stating how the larceny was committed. In the indictment at bar grand larceny is the only crime charged or sought to be charged; and its language, in effect, is to accuse the defendant of entering upon state lands, putting property thereon in a condition so it could be removed, and then stealing it. It is not material who severed the trees from the land; and, because defendant is alleged to have been a party to it, preparing for the crime of larceny, the prosecution should not be compelled to try him first for severing from the realty and leave the serious offense, that of grand larceny, to a subsequent hearing. I have come to the conclusion that but one crime is charged

against the defendant, and that the indictment in that regard should stand.

As to the second ground of demurrer, the counsel for the defendant puts it in plain language, stripping it of all legal verbiage, as follows:

"That it is not larceny, within the meaning of section 528 of the Penal Code, for any person to cut and carry away timber from state lands."

Let us first see how larceny is defined in the statute. Section 528 of the Penal Code provides as follows:

"A person who with the intent to deprive or defraud the true owner of his property, or of its use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either takes from the possession of the true owner, or of any other person * * * or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract or article of value of any kind * * * steals such property and is guilty of larceny."

It is further provided that a person is guilty of grand larceny in the first degree who steals property of the value of more than $500, in any manner whatever; and is guilty of grand larceny in the second degree if, under circumstances not amounting to grand larceny in the first degree, he steals property of the value of more than $25. The stealing of $25 or less, if not brought within the language of either of the provisions of grand larceny in the first and second degree, is petit larceny. Section 537 of the Penal Code, which is contained within chapter 4, tit. 15, of such Code, wherein is embodied the provisions with reference to larceny, provides as follows:

"All the provisions of this chapter apply to cases where the thing taken is a fixture or a part of the realty, or any growing tree, plant, or produce,.and is severed at the time of the taking, in the same manner as if the thing had been severed by another person at a previous time."

It will be observed, therefore, that the provisions of law defining larceny are made to apply to any growing tree or fixture which is severed at the time of the taking, as though it had been severed by another person at a previous time.

The defendant's counsel says that such provisions of the Penal Code cannot apply to the case at bar, because timber upon state lands does not fall within the description of property as defined by well-settled legal authorities, and that the one vital element which gives life to property is the right to dispose of it—that property is nothing more than the rights attached to it. In effect, as I view it, it is urged that the people, so to speak, cut the ground from under their own feet when they placed in the present state Constitution the following:

"The lands of the state, now owned or hereafter acquired, constituting the forest preserve, as now fixed by law, shall be forever kept as wild forest lands that shall not be leased, sold or exchanged, or be taken by any corporation, public or private, nor shall the timber thereon be sold, removed or destroyed."

Hence it is said that the owner, the people of the state, has no right to sell or dispose of the property, and therefore the principal requisite of property, as used in the larceny statute, is entirely absent, and he who wrongfully and unlawfully takes and appropriates such timber, it may be to the value of thousands of dollars, cannot be accused or

convicted of larceny. If that contention is correct, the people are near-
ly powerless to prevent destruction by removal or theft of their large
and valuable forests. It does not appear to be seriously questioned that
the people of the state own the forest preserve; but it is said, as above
stated, that, because of the provision in the Constitution which forbids
the sale of land in such preserve and the timber thereon, the preserve
and all it contains have ceased to possess the quality or identity of prop-
erty. I cannot agree with that line of reasoning. I think, generally
speaking, considering the Constitution in its present form, that the
forest and lands of the forest preserve have a value and still remain
property in every sense of the word, and that the people have a right
to the benefit and use thereof, and that he who trespasses upon such
preserve prepares a way for the destruction or removal of the forest
by cutting down the trees and then removes them from such lands,
with intent to take them from the people, and appropriates them to his
own use, is guilty of larceny. If my position, considering the present
language of the Constitution, is too extreme, I would suggest, in an-
swer to the argument that the property in the forest preserve ceased
to be such because of said constitutional provision, that it is absolute-
ly within the power of the people to amend or change the Constitution,
and that they would have the power, if they saw fit so to do, to bring
about a sale of the forest property, and that right, which they certainly
have reserved to themselves, gives them a present interest of value in
the forest lands.

There is but one other question which perhaps was not discussed or
even seriously mentioned, and that is whether it was the intention of
the Legislature, when it created section 222 of the forest, fish, and game
law (Laws 1900, p. 63, c. 20) to provide another remedy to be invoked
against trespassers upon and despoilers of the state lands in lieu of the
larceny statute. This was not intended, as such statute does not ex-
pressly refer to any provision of the Penal Code; and it would not be
effectual to either repeal, alter, or amend any of the provisions of the
said Code without explicit reference thereto. Pen. Code, § 728. The
demurrer is therefore overruled and leave given to the defendant to
enter a plea.

As the questions presented by the other three indictments are the
same, the same disposition is made thereof and the defendants in each
case permitted to enter a plea. Ordered accordingly.